NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASSEM A. ABULKHAIR, | ) ) | Civil Action No.: 10-6161 (JLL) |
| Plaintiff, | ) ) | **OPINION AND ORDER** |
| v. | ) ) ) |  |
| NEW CENTURY FINANCIAL SERVICES, INC. et al., | ) ) ) |  |
| Defendants. | ) ) |  |

**LINARES**, District Judge.

  This matter comes before the Court by way of Assem A. Abulkhair's ("Plaintiff") Motion to Dismiss Defendants' Answers (Pl.'s Mot. To Dismiss Defs.' Answers, CM/ECF No. 28, May 26, 2011), which, in light of Plaintiff's *pro se* status, this Court construes as a motion to disqualify Defense counsel. For the foregoing reasons, Plaintiff's motion is denied.

  Plaintiff has filed suit against New Century Financial Services, Inc., ("NCFSI"), Pressler & Pressler, LLP ("Pressler"), Gerard J. Felt, Esq. ("Felt") and Lawrence J. McDermott, Esq. ("McDermott") (collectively "Defendants") in the above-referenced matter. Plaintiff contends that Defendants' answers should be dismissed because the "[attorney] who filed the answers on behalf of the Defendants is a member of the corporation being sued." (Pl.'s Mot. To Dismiss Defs.' Answers, ¶ 2.)

  Motions to disqualify opposing counsel are subject to "particularly strict scrutiny." Scantek Med., Inc. v. Sabella, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008). Strict scrutiny is

warranted because of the "potential for abuse as a tactical device." Id.; see also Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440, 105 S. Ct. 2757, 2766, 86 L. Ed. 2d 340 (1985) ("[A]n order disqualifying counsel may impose significant hardship on litigants."); Unique Sports Generation, Inc. v. LGH-III, LLC, 03 Civ. 8324(JGK)(DF), 2005 WL 2414452 at *13 (S.D.N.Y. Sept. 30, 2005) (noting that courts are hesitant to grant motions to disqualify counsel because such motions "impinge[ ] on a party's right to employ the counsel of its choice") (citation and internal quotations omitted).

"The party seeking disqualification bears the burden of showing that the representation is impermissible." Jordan v. Philadelphia Hous. Auth., 337 F. Supp. 2d 666, 672 (E.D. Pa. 2004) (citing In re Rite Aid Corp. Sec. Litig., 139 F.Supp.2d 649, 656 (E.D.Pa.2001)).  The most common reason for disqualifying counsel involves violations of local rules of professional conduct, including potential conflicts of interest and representing a party or interest adverse to a former client. 32 Am. Jur. 2d Federal Courts § 151.

28 U.S.C. § 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  A corporation, however, is not entitled to represent itself in the federal courts and may appear only through licensed counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).

Defendants are being represented by Mitchell L. Williamson, licensed counsel at Pressler. Plaintiff asserts that Defendants cannot be represented by Williamson since he is a "member of the corporation being sued." (Pl.'s Mot. To Dismiss Defs.' Answers, ¶ 2.)  Plaintiff believes that Pressler and NCFSI are "one in [sic] the same" (Compl. ¶ 4).  In his affidavit to the Court, however, Defendant Lawrence J. McDermott avers the "relationship between Pressler and

NCFSI is strictly that of attorney and client." (Aff. of Def. McDermott, CM/ECF No. 37, ¶ 2, June 26, 2011.)   Furthermore, McDermott asserts that at "all times relevant hereto, either Pressler or its predecessor partnership were duly-licensed attorney entities" and that Pressler is "duly authorized to represent its clients before the courts of this State and has been so able for many decades." (Aff. of Def. McDermott, ¶ 3.)  Most importantly, Plaintiff provides no independent rule of this Court which would prevent a licensed-attorney who is a member of the corporation being sued − as opposed to a non-attorney member appearing pro se on behalf of the corporation − from representing the corporation.  See 28 U.S.C. § 1654.  Plaintiff has failed to meet his burden to show that representation by Williamson is impermissible.  Accordingly, this motion is denied.

      Accordingly, **IT IS** on this 5th day of August, 2011,

      **ORDERED** that Plaintiff's application to dismiss Defendants' Answers is **DENIED**; and it is further

      **ORDERED** that Plaintiff is granted 10 days from the date of entry of this order to submit any and all opposition to Defendants' currently pending motions to dismiss (CM/ECF Nos. 37, 40).  Failure to submit timely opposition will result in immediate dismissal of Plaintiff's complaint upon letter application of Defendants.

      **SO ORDERED.**

      s/ Jose L. Linares_____
      JOSE L. LINARES, U.S.D.J.